UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, 2150 Allston Way, Suite 460, Berkeley, CA, 94704,<br><br>Plaintiff,<br><br>v.<br><br>BLUETRITON BRANDS, FORMERLY NESTLE WATERS NORTH AMERICA, 900 Long Ridge Road, Stamford, CT 06902,<br><br>Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

BlueTriton Brands, Inc. ("BlueTriton") hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is proper under 28 U.S.C. § 1332(a), which provides that federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are from different domiciles. Venue is proper under 28 U.S.C. § 1441(a) because this action was filed in the Superior Court of the District of Columbia, which is coextensive with the District to which this case has been removed.

### FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.  Plaintiff Earth Island Institute ("Plaintiff") filed this action in the Superior Court of the District of Columbia on August 27, 2021. *See* Ex. A ("Compl."). BlueTriton was served with the Summons and Complaint on September 9, 2021. *See* Ex. B. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the remainder of the Superior Court case file (including all documents

1

other than the Complaint and the Waiver of Service) is attached as Exhibit C and incorporated by reference herein.

2. According to the Complaint, BlueTriton owns and operates a portfolio of bottled water brands, including Poland Spring® Brand, 100% Natural Spring Water, Splash and Pure Life®. Compl. ¶ 38.

3. Plaintiff challenges a number of alleged "sustainability" representations that appear primarily on BlueTriton's brand websites and social media accounts. *Id*. ¶¶ 43-56. Plaintiff alleges that these representations tend to "mislead and are materially deceptive about the true nature and quality of [BlueTriton's] products and business" because BlueTriton is allegedly a "major plastic polluter" that engages in "harmful water extraction and practices" in the process of manufacturing its bottled water (the "Products"). Compl. ¶¶ 8, 15, 19.

4. Based on these allegations, Plaintiff claims that BlueTriton's marketing and sale of the Products violates the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq. See* Compl. ¶¶ 143-153.

5. Plaintiff purports to bring this action "on behalf of itself, its members and the general public of the District of Columbia" pursuant to "D.C. Code §§ 28-3905(k)(1) and 28-3905(k)(2)." Compl. ¶ 137; *see also id.* ¶ 42 ("Earth Island is acting on behalf of itself and for the benefit of the general public as a private attorney general pursuant to D.C. Code § 28-3905(k)(1)."); D.C. Code §§ 28-3905(k)(1)(C) ("A nonprofit organization may, on behalf of itself or any of its members, or on any such behalf and on behalf of the general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District").

6. Plaintiff seeks a variety of remedies under the CPPA, including a declaration that BlueTriton's conduct violates the CPPA, an order "enjoining [BlueTriton's] conduct found to be

2

in violation of the CPPA," and an order "granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law." *Id.* at 29 (Prayer for Relief).

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)

7. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are completely diverse. Removal is proper here, as the parties are completely diverse and the amount at issue exceeds $75,000.

### The Parties Are Completely Diverse

8. Plaintiff is incorporated in California and headquartered in Berkeley, California. *See* Compl. at 1, ¶ 29; Ex. D. BlueTriton is a Delaware corporation headquartered in Stamford, Connecticut. *Id.* at 1, ¶ 39; Ex. E.

9. Accordingly, this action satisfies the diversity of citizenship requirement because Plaintiff is a citizen of California, while BlueTriton is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

### There Is At Least $75,000 In Controversy

10. In assessing the amount in controversy, "[a]bsolute certainty as to the amount is not essential; it suffices that there is a present probability that the [amount in controversy] . . . meet[s] the statutory requirement." *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 472 (D.C. Cir. 1975).

3

11. At this stage of the litigation, BlueTriton need not submit evidence substantiating the amount in controversy, so long as it can offer a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*[1]

12. Here, Plaintiff seeks injunctive relief, including but not limited to "an order enjoining BlueTriton's conduct found to be in violation of the CPPA." Compl. at 29 (Prayer for Relief). It is well-established that "the test for determining the amount in controversy is the pecuniary result to *either party* which the judgment would directly produce." *Tatum v. Laird*, 444 F.2d 947, 951 n.6 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972); *see also, e.g.*, *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1975) ("[A] court may look to either the value of the right that plaintiff seeks to enforce or protect or the cost to the defendants to remedy the alleged denial."); *Comm. for GI Rights*, 518 F.2d at 472 (same).

13. The cost to BlueTriton of complying with Plaintiff's broadly-defined injunctive relief will greatly exceed $75,000, particularly when coupled with the other relief Plaintiff seeks. At a minimum, BlueTriton may be required to revise certain representations across all of its public platforms and marketing tools, which could easily cost over half a million dollars. *See* Ex. F, Declaration of Laetitia Allexant-DelRossi ¶¶ 3-5. And if the Court orders corrective advertising,

---

[1] To the extent there is any dispute as to the amount in controversy, BlueTriton expressly reserves the right to submit additional evidence substantiating its jurisdictional allegations. *See, e.g.*, *Lavelle v. State Farm Mut. Auto Ins. Co.*, 235 F. Supp. 3d 217, 223 (D.D.C. 2017) (denying motion to remand based on post-removal "evidence regarding attorneys' fees and punitive damages" and rejecting argument that the defendant "waived its right to use these factors in its calculation of the amount in controversy" because it did not submit this evidence alongside its notice of removal).

that cost too could be significant, as it may include the creation and dissemination of print, digital, television, and radio advertising into the District of Columbia. *See id.* ¶ 6.

14. The non-aggregation principle does not apply to BlueTriton's costs of compliance with Plaintiff's requested relief because there is only one Plaintiff in this action — Earth Island Institute. To the extent the Complaint is interpreted as bringing claims on behalf of multiple plaintiffs, the relief Plaintiff seeks is indivisible. *See Tatum v. Laird*, 444 F.2d 947 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972); *Committee for GI Rights v. Callaway*, 518 F.2d 466 (D.C. Cir. 1975). Further, Plaintiff *also* asserts a CPPA claim "on behalf of itself." Compl. ¶ 42. Because that individual claim independently meets the jurisdictional threshold, the Court can assert jurisdiction over the entire action. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) (the district court can assert supplemental jurisdiction over all claims when at least one plaintiff satisfies the requirements of diversity jurisdiction).

15. Plaintiff also seeks attorneys' fees, which are recoverable under the CPPA. *See* Compl. at 29 (Prayer for Relief); D.C. Code § 28-3905(k)(2)(B). Courts routinely consider attorneys' fees under the CPPA in calculating the amount in controversy. *See, e.g.*, *Sloan*, 2015 WL 927838, at *9 (noting that "[a]ttorney fees are part of the amount in controversy if they are provided for by statute or contract" and collecting cases). And fee awards under the CPPA can easily reach into the hundreds of thousands — if not millions — of dollars. *See*, *e.g., Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12, 18, 20 (D.D.C. 2014) (awarding $927,707.89 in attorneys' fees and expenses in a CPPA lawsuit); *Williams v. First Govt' Mortg. & Invr's Corp.*, 225 F.3d 738, 743 (D.C. Cir. 2000) (affirming award of $199,340 in attorneys' fees in a CPPA lawsuit).

16. Plaintiff's request for attorneys' fees is not subject to the non-aggregation principle for the same reasons applicable to BlueTriton's costs of compliance, and because Plaintiff's request for such fees is made solely on behalf of Earth Island. *See* Compl. at 29 (Prayer for Relief) (requesting "an order granting *Plaintiff* costs and disbursements, including reasonable attorneys' fees" (emphasis added)).

17. In short, the potential value of Plaintiff's request for injunctive relief and attorneys' fees significantly exceeds the minimum amount-in-controversy of $75,000.

## VENUE IS PROPER

18. Venue is proper because this action was initially filed in the Superior Court of the District of Columbia, which is coextensive with the U.S. District Court for the District of Columbia. *See* 28 U.S.C. § 1441(a) (noting that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending").

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

19. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and the Petition. BlueTriton was served on September 9, 2021. *See* Ex. B. This Notice of Removal is accordingly timely. *See* Fed. Rule Civ. P. 6(a)(1)(C).

20. BlueTriton has not filed any pleadings in the Superior Court responding to the Complaint. It appeared in the Superior Court for the sole purpose of filing a consent motion extending its 21-day deadline to respond to the Complaint, which appears in the state court case file attached as Exhibit C.

21. In accordance with 28 U.S.C. § 1446(d), BlueTriton will file a notice of its Notice of Removal with the Superior Court, and it will promptly serve a copy of this Notice of Removal on the parties.

Dated: October 11, 2021

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Previn Warren

Previn Warren (#1022447)
Jenner & Block LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000

Attorneys for Defendant
BlueTriton Brands