UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, <br><br> Plaintiff, <br><br> v. <br><br> BLUETRITON BRANDS, <br><br> Defendant. | Civil Action No. 21-2659 (JEB) |

## MEMORANDUM OPINION

As first-year law students are well aware, suits brought in federal court under 28 U.S.C § 1332 must (1) involve parties from different states and (2) satisfy an amount-in-controversy requirement of over $75,000.  While those students no doubt spend many hours scrutinizing the finer details of the first component, they likely commit far less attention to the ins and outs of the second.  Yet that amount in controversy is indeed the controversy covered in this Opinion.

Plaintiff Earth Island Institute initially brought this action in the Superior Court of the District of Columbia against Defendant BlueTriton Brands, which owns well-known bottled-water brands such as Poland Spring.  Earth Island alleged violations of the District of Columbia Consumer Protection Procedures Act, contending that the company's representations about its sustainability practices misled and deceived D.C. consumers.  Asserting diversity jurisdiction, BlueTriton removed the case to this Court.  Plaintiff now moves to remand.  As the Court agrees with Earth Island that the amount in controversy does not exceed $75,000, it will grant the Motion.  It will deny, however, Plaintiff's request for fees and costs.

1

I.      **Background**

Taking the facts alleged in the Complaint as true, the Court begins with Earth Island, which is a "public-interest organization whose mission is to advocate for environmental and human health through activist projects, legal advocacy, leadership, and an award-winning journal." ECF No. 1-2 (Complaint), ¶ 28. Its Complaint alleges that BlueTriton, formerly known as Nestle Waters North America, uses marketing that is "false and deceptive because the company portrays itself as being sustainable and committed to reducing plastic pollution through its recycling targets while falling short of those targets and continuing its environmentally harmful practices." Id., ¶ 43. In other words, Plaintiff alleges that Defendant's "marketing and advertising tend to mislead and are materially deceptive about the true nature and quality of its products and business." Id., ¶ 19.

Earth Island originally brought this action in Superior Court "on behalf of itself, its members, and the general public of the District of Columbia" under the CPPA's private-attorney-general provision, D.C. Code § 28-3905(k). Id., ¶ 137; see Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d 40, 43–45 (D.D.C. 2020) (discussing such provision). Plaintiff's Prayer for Relief seeks the following:

> A. a declaration that Blue Triton's conduct is in violation of the CPPA;
> B. an order enjoining Blue Triton's conduct found to be in violation of the CPPA; and
> C. an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law.

Compl. at 29.

On October 11, 2021, Defendant filed a Notice of Removal from Superior Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). See ECF No. 1 (Notice of Removal)

at 1. In support of its assertion that there is more than $75,000 in controversy, BlueTriton submitted a declaration from Laetitia Allexant-DelRossi, its then-Marketing Director for Brand Strategy & Storytelling, describing how the company would have to spend over $75,000 to correct its marketing if found liable. See ECF No. 1-7 (Allexant-DelRossi Decl.) at 1–2; ECF No. 9 (Def. Opp.) at 3–4. Shortly after the case was assigned to this Court, Plaintiff moved to remand on the ground that subject-matter jurisdiction is lacking. See ECF No. 8-1 (Motion to Remand).

**II.     Legal Standard**

Federal courts are courts of limited subject-matter jurisdiction and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The issue of federal subject-matter jurisdiction "goes to the foundation of the court's power to resolve a case." Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) (citing Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)).

"Ordinarily, the plaintiff is entitled to select the forum in which he wishes to proceed." Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 413 (D.C. Cir. 2014). A defendant may, however, remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is thus appropriate when the case raises a cognizable question "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or when the case involves citizens of different states and the amount in controversy exceeds $75,000. Id. § 1332(a). "The removing party bears the burden of showing that removal is proper." Toxin Free USA, 507 F. Supp. 3d at 43. "If the removing party fails to make such a showing, the court must remand the case." Id. (citing

3

Animal Legal Def. Fund v. Hormel Foods Corp., 249 F. Supp. 3d 53, 56 (D.D.C. 2017)); see Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case.").

**III.   Analysis**

Plaintiff contends that remand is required because the Court does not have subject-matter jurisdiction over this action. See Motion to Remand at 3–11. Earth Island also seeks to "recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court, on the basis that BlueTriton lacked an objectively reasonable basis for removal." Id. at 11. The Court considers each issue in turn.

A.   Diversity Jurisdiction

As referenced above, under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, the parties agree that there is complete diversity of parties. See Def. Opp. at 4; ECF No. 10 (Reply) at 3. The lone jurisdictional issue for the Court to decide is thus whether the amount in controversy is met. More specifically, the parties dispute how to calculate that amount, whether it must be apportioned amongst all consumers in Washington, D.C., and how Earth Island's request for attorney fees affects the amount at issue.

1.   *Calculation of Amount*

A threshold question is how a court should determine the amount in controversy where, as here, only injunctive relief and no damages are sought. A number of courts in this district have made clear that when "resolving similar motions to remand CPPA actions in which the only

4

relief sought was injunctive and declaratory relief and attorneys' fees," it is appropriate to consider the total "cost [the defendant] would incur by complying with the requested injunctive relief in [the] calculation of the amount in controversy." Organic Consumers Ass'n v. R.C. Bigelow, Inc., 314 F. Supp. 3d 344, 348–49 (D.D.C. 2018) (collecting cases).  The Court will assume, as Defendant urges it to, that this is an appropriate method for determining the overall amount at issue here.  See Def. Opp. at 4–5.  The Court will similarly assume that, notwithstanding Plaintiff's objections, Defendant's estimate of its cost to comply with the desired injunctive relief — approximately $800,000, see Allexant-DelRossi Decl. at 2 — is reasonable and nonspeculative.  See Def. Opp. at 5–7; Motion to Remand at 7–9.  The Court makes those assumptions because, even drawing such inferences in favor of BlueTriton, the amount-in-controversy requirement has nonetheless not been met here.  That holding flows from the Court's conclusions in the next two sections.

        2. *Non-Aggregation*

Plaintiff first contends that even if the total cost to Defendant of complying with the sought-after injunctive relief would exceed $75,000, the amount-in-controversy requirement is not satisfied here because that cost must be apportioned among all consumers in this city, on behalf of whom Earth Island brings this challenge.  The Court agrees.

The non-aggregation principle provides that "separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." Snyder v. Harris, 394 U.S. 332, 335 (1969); see also Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973). "Although the D.C. Circuit has not spoken to the application of the non-aggregation principle to [CPPA] suits such as this one, courts in this district routinely apply this rule when considering the amount in controversy in cases that seek injunctive relief" under D.C. Code. § 28-3905(k)(1).

5

See Inst. for Truth in Mktg. v. Total Health Network Corp., 321 F. Supp. 3d 76, 91 (D.D.C. 2018).  Indeed, "[c]ourts in this district have consistently held that defendants removing []CPPA actions 'cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy' requirement of § 1332(a)." Toxin Free USA, 507 F. Supp. 3d at 45–46 (quoting Organic Consumers Ass'n, 314 F. Supp. 3d at 350).  Rather, a chorus of courts has consistently held over the past dozen years that "the cost of the injunction must be divided pro rata among District of Columbia consumers." Id. at 46 (quoting Food & Water Watch, Inc. v. Tyson Foods, Inc., No. 19-2811, 2020 WL 1065553, at *5 (D.D.C. Mar. 5, 2020)); see also, e.g., Pesticides v. Exxon Mobil Corp., No. 20-1815, 2021 WL 1092167, at *2 (D.D.C. Mar. 22, 2021); Hackman v. One Brands, LLC, No. 18-2101, 2019 WL 1440202, at *5 (D.D.C. Apr. 1, 2019); Inst. for Truth in Mktg., 321 F. Supp. 3d at 91; Animal Legal Def. Fund, 249 F. Supp. 3d at 59–60; Breathe DC v. Santa Fe Nat. Tobacco Co., 232 F. Supp. 3d 163, 170–71 (D.D.C. 2017); Organic Consumers Ass'n v. Handsome Brook Farm Grp. 2, LLC, 222 F. Supp. 3d 74, 78 (D.D.C. 2016); Witte v. Gen. Nutrition Corp., 104 F. Supp. 3d 1, 6 (D.D.C. 2015); Breakman v. AOL LLC, 545 F. Supp. 2d 96, 103–05 (D.D.C. 2008).

Persuaded by the thoughtful opinions penned by its numerous colleagues who have tackled this issue, the Court "concludes that the appropriate measure of the requested injunctive relief is not the amount that [Defendant] must spend to comply with the injunction, but that amount divided by the number of members of the public on whose behalf Plaintiff brings the action." Inst. for Truth in Mktg., 321 F. Supp. 3d at 91.  Applying that rubric, BlueTriton does not even attempt to demonstrate that its cost of complying with Earth Island's requested injunctive relief would exceed $75,000 per D.C. consumer.  See Reply at 2; Def. Opp. at 7–17.  Because "[t]he removing party bears the burden of showing that removal is proper," that reality

is enough for the Court to conclude that Defendant has "not demonstrated 'that the cost of the injunction divided pro rata among the members of the general public of Washington, D.C. would exceed the jurisdictional threshold.'" Toxin Free USA, 507 F. Supp. 3d at 43, 46 (quoting Animal Legal Def. Fund, 249 F. Supp. 3d at 60–61). The Court therefore concludes that it does not have subject-matter jurisdiction over this matter.

Resisting that conclusion and maintaining that every single one of the above opinions was wrongly decided, BlueTriton urges this Court to chart a new path. The Court is unpersuaded by each of the company's three main arguments.

First, Defendant contends that "the non-aggregation principle does not apply here because there is only one plaintiff in this lawsuit." Def. Opp. at 9. Unfortunately for BlueTriton, other courts in this district have persuasively debunked this precise argument. Indeed, in Breathe DC, Judge Ellen Huvelle traced the origins of the non-aggregation rule before explaining that, "[a]lthough the [Supreme] Court spoke in terms of 'plaintiffs' in Snyder and Zahn, the rationale extends equally to actions brought by nonprofit groups where the beneficiaries need not be added as parties to the lawsuit." 232 F. Supp. 3d at 171. Relatedly, while Defendant makes much of the fact that this suit was brought under D.C. Code § 28-3905(k)(1)(D) — which permits an action "on behalf of the interests of a consumer or a class of consumers," as opposed to "on behalf of the general public," D.C. Code § 28-3905(k)(1)(C) — it offers no compelling reason to think that this semantic difference is material to the applicability of the non-aggregation principle. See Toxin Free USA, 507 F. Supp. 3d at 44, 46 (discussing § 28-3905(k)(1)(D) and applying non-aggregation principle to suit brought under that subsection); Food & Water Watch, Inc., 2020 WL 1065553, at *3 (same).

BlueTriton's second main position is that applying the non-aggregation principle here runs afoul of D.C. Circuit precedent. In the Court's view, however, the cases that Defendant relies on are tangential to the issue presented and shed far less light on the appropriate resolution than do the numerous decisions of courts in this district, which squarely and thoroughly addressed the matter. In fact, none of the Court of Appeals decisions that Defendant cites is even a CPPA action, much less one brought under the Act's private-attorney-general provision. See Def. Opp. at 11–12 (citing Smith v. Washington, 593 F.2d 1097 (D.C. Cir. 1978); Comm. for GI Rights v. Callaway, 518 F.2d 466 (D.C. Cir. 1975); Tatum v. Laird, 444 F.2d 947 (D.C. Cir. 1971), rev'd, 408 U.S. 1 (1972)). Rather, as other courts in this district have recognized in the context of similar CPPA actions, those earlier decisions stand for the unremarkable proposition that "the D.C. Circuit has adopted the 'either-viewpoint' approach to calculating amounts in controversy — which allows for consideration of either the value of the plaintiff's requested relief or the defendant's potential costs — in cases where only equitable relief is sought." Handsome Brook Farm Grp. 2, LLC, 222 F. Supp. 3d at 77 (citations omitted). Indeed, although the D.C. Circuit has not directly addressed how the non-aggregation principle applies in CPPA actions, it is not lost on this Court that as recently as April 2021, the Court of Appeals declined to hear an appeal of a district court's decision applying the principle in one such action. See In re ExxonMobil Corp., No. 21-8001 (D.C. Cir. Apr. 23, 2021). That was true despite the petitioner's argument that the "question of how to calculate the amount in controversy in cases seeking injunctive relief under Section 28-3905(k)(1) is . . . an open, important, and recurring question in this circuit." Reply Brief for Petitioner at 8, In re Exxon Mobil Corp., No. 21-8001 (D.C. Cir. Apr. 19, 2021).

Last, the Court is similarly unmoved by BlueTriton's contention that the non-aggregation principle does not apply here because "all purported 'beneficiaries' of the requested injunction share a 'common and undivided interest' in the injunction." Def. Opp. at 14. "The sole exception to the nonaggregation principle is when 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" Toxin Free USA, 507 F. Supp. 3d at 46 (quoting Snyder, 394 U.S. at 335). As with Defendant's other arguments, this Court is persuaded by the numerous courts in this district to reject this exact assertion. Those courts have concluded that when a plaintiff "does not seek any integrated claim for relief — like disgorgement of the defendants' profits — that would hold defendants generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest," the "compliance costs cannot be aggregated to satisfy the amount in controversy requirement." Id. (citations omitted); accord Food & Water Watch, Inc., 2020 WL 1065553, at *5.

3. *Attorney Fees*

Having lost the first skirmish, Defendant still believes that it can win the war. It contends that the amount-in-controversy requirement is satisfied here for the independent reason that the "attorneys' fees that Plaintiff could potentially recover in this case also exceed $75,000." Def. Opp. at 17. It is true that attorney fees "may be counted towards establishing a jurisdictional amount when they are provided for by . . . a statute in controversy." Parker-Williams v. Charles Tini & Assocs., Inc., 53 F. Supp. 3d 149, 153 (D.D.C. 2014) (internal quotation marks and citation omitted). Such fees are indeed available under the CPPA, and Earth Island seeks to recover them here. See D.C. Code § 28-3905(k)(2)(B); Compl. at 29. Although Plaintiff admits

9

that much, it nonetheless offers two alternative grounds for why its requested fees do not satisfy the jurisdictional floor. The Court again concurs with Earth Island on the bottom line.

Plaintiff's argument is that "attorneys' fees, for purposes of CPPA actions seeking only declaratory or injunctive relief, are either divided pro rata or else apportioned at $0." Reply at 10. With regard to the latter option, Earth Island is correct that some courts in this district have held that "when, like here, a plaintiff 'is suing under [the private- attorney-general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0." Handsome Brook Farm Grp. 2, LLC, 222 F. Supp. 3d at 79 (quoting Nat'l Consumers League v. Bimbo Bakeries USA, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (alterations in original)). At the same time, others have looked to the total amount of attorney fees sought in a CPPA case, applied the non-aggregation principle, and divided that sum by the number of consumers in D.C. Indeed, "[t]his position finds considerable support in a number of district court opinions from this Circuit." Animal Legal Def. Fund, 249 F. Supp. 3d at 62 (collecting cases).

The Court need not decide here which of the two tests is more appropriate because even applying the non-aggregation framework (which is more generous to Defendant), BlueTriton has not demonstrated that the amount in controversy is met. In fact, even if the Court were to accept a number of Defendant's arguments — including that (1) this Court should decline to follow the courts that have set attorney fees at $0 to determine the amount in controversy in CPPA cases; (2) the fee award in this case could "amount to hundreds of thousands of dollars"; and (3) such projected fees are not too speculative to accept at this stage — the Court would still side with Earth Island. See Def. Opp. at 18. That is because, applying the non-aggregation principle, "Defendant has not attempted to show that the pro rata amount of attorneys' fees that would be

attributable to Plaintiff as a member of the general public would exceed $75,000." Id. "Defendant's showing is [thus] insufficient at the threshold." Id.

Last, BlueTriton's only argument that the "non-aggregation rule should not apply . . . to the request for attorneys' fees" merely cites "the same reasons" that the rule should not apply to the cost of Plaintiff's desired injunctive relief. See Def. Opp. at 17. As the Court has just rejected that position, it gains no traction as to fees either.

Remand is thus warranted here.

B. Fees and Costs

The Court next takes up Earth Island's request to recoup its fees and costs associated with the remand. Under 28 U.S.C. § 1447(c), a Court remanding a case after removal "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. Courts in this district have further explained that "[a] basis for removal is objectively reasonable when it 'has at least some logical and precedential force.'" Organic Consumers Ass'n, Inc., 314 F. Supp. 3d at 358 (quoting Knop v. Mackall, 645 F.3d 381, 383 (D.C. Cir. 2011) (internal quotation marks and citation omitted)).

The Court concludes that Earth Island is not entitled to recover its fees and costs. Although BlueTriton's position flies in the face of numerous opinions of courts in this district, its position is not "objectively unreasonable because there is 'no clear, controlling case law from the D.C. Circuit.'" Toxin Free USA, 507 F. Supp. 3d at 47 (quoting Breakman, 545 F. Supp. 2d at

108); see also Breathe DC, 232 F. Supp. 3d at 172 ("Given the lack of controlling precedent in this Circuit . . . and notwithstanding the thrust of the opinions of the district courts in this Circuit, defendants did not lack an 'objectively reasonable basis for removal.'").

## IV.     Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Motion to Remand and deny its request for fees and costs. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 27, 2022